1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    AREVALO JESUS ALEJANDRO,                No.  2:21-CV-0230-TLN-DMC-P

12                    Plaintiff,

13          v.                                FINDINGS AND RECOMMENDATIONS

14    HUIZARE, et al.,

15                    Defendants.

16

17          Plaintiff, who is proceeding pro se, brings this civil rights action under 42 U.S.C.

18   § 1983.  Pending before the Court is Defendants' motion to dismiss.  See ECF No. 19.

19   Defendants have filed a request for judicial notice in support of their motion.  See ECF No. 19-1.

20   Plaintiff has filed an opposition.  See ECF No. 27.  Defendants have filed a reply.  See ECF No.

21   29.

22          In considering a motion to dismiss, the Court must accept all allegations of

23   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

24   Court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

25   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

26   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

27   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

28   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

1

1    factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009).

2    In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

3    See Haines v. Kerner, 404 U.S. 519, 520 (1972).

4            Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement

5    of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair

6    notice of what the . . . claim is and the grounds upon which it rests."  Bell Atl. Corp v. Twombly,

7    550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order

8    to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain

9    more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

10   allegations sufficient "to raise a right to relief above the speculative level."  Id. at 555-56.  The

11   complaint must contain "enough facts to state a claim to relief that is plausible on its face."  Id.  at

12   570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

13   court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

14   Iqbal, 129 S. Ct. at 1949.  "The plausibility standard is not akin to a 'probability requirement,' but

15   it asks for more than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting

16   Twombly, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a

17   defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement

18   to relief."  Id. (quoting Twombly, 550 U.S. at 557).

19           In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials

20   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

21   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The Court may, however, consider: (1)

22   documents whose contents are alleged in or attached to the complaint and whose authenticity no

23   party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

24   and upon which the complaint necessarily relies, but which are not attached to the complaint, see

25   Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

26   of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

27   1994).

28   / / /

1    Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

2  amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

3  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

4

5                                      **I.  PLAINTIFF'S ALLEGATIONS**

6          Plaintiff names the following as defendants: Huizare, Sanchez, Canela, and Yanos

7  ("Defendants"). The Complaint lists three claims for which relief is sought.

8          Plaintiff alleges in Claim I of the Complaint that he has been the victim of

9  excessive force. See ECF No. 1, pg. 3. Plaintiff states that on January 18, 2015, Defendants came

10 to Plaintiff's prison cell and told him to come to the food port so that he could be handcuffed. Id.

11 Plaintiff alleges that he complied, but when he arrived at the food port, Defendants opened the

12 cell door and sprayed him in the face with mace. Id. Plaintiff states that Defendants handcuffed

13 him, dragged him to the showers to rinse off his face, and then secured him to a wheelchair. Id.

14 Plaintiff reports that Defendants then took him to receive a medical shot. Id. Plaintiff states that

15 he observed Huizare speak to Yanos, and afterwards came and whispered threatening comments

16 to Plaintiff. Id. Plaintiff then says that after the exchange, Yanos gave Plaintiff another shot

17 despite his protests. Id. Plaintiff then states that he became unconscious. Id. Plaintiff concludes by

18 informing that when he regained consciousness, he was naked, beaten, and sodomized. Id.

19         Plaintiff alleges in Claim II a violation of his right to send and receive mail

20 pursuant to the First Amendment. Id., pg. 4. Plaintiff states that he was unable to write letters to

21 his sister. Id. Plaintiff informs that these letters were attempts to describe the horrendous details

22 of January 18, 2015. Id. Plaintiff states that when he eventually had an opportunity to speak with

23 his sister, she informed him that she had never received any letters. Id. Plaintiff does not state the

24 date this conversation occurred. Plaintiff states that his sister was not getting his mail because

25 defendants were reading his mail and discarding it without sending it. See id., pgs. 3-5. Plaintiff

26 does not list any dates for when this occurred.

27 ///

28 ///

3

Plaintiff alleges in Claim III a violation of his rights to medical care pursuant to the Eighth Amendment. Id., pg. 5. Plaintiff, referring to the same incident he describes in Claim I, states that on January 18, 2015, he received two medical shots. Id. Plaintiff makes clear that these shots were given to him against his explicit protest and that the second was only given to him after Plaintiff observed Huizare speak privately with Yanos. Id. Plaintiff alleges that Huizare then threatened him; afterwards Plaintiff became unconscious because of the shots. Id. Plaintiff writes that his unconscious state was taken advantage of by Defendants who beat and sodomized him before he regained consciousness. See id., pgs. 3-5.

## II. DISCUSSION

In their motion to dismiss, Defendants argue that this action must be dismissed as having been filed beyond the applicable statute of limitations.

For claims brought under 42 U.S.C. § 1983, the applicable statute of limitations is California's statute of limitations for personal injury actions. See Wallace v. Kato, 549 U.S. 384, 387-88 (2007); Jones v. Blanas, 393 F.3d 918, 927 (9th Cir. 2004) ("[f]or actions under 42 U.S.C. § 1983, courts apply the forum state's statute of limitations for personal injury actions."); Jackson v. Barnes, 749 F.3d 755, 761 (9th Cir. 2014); Wilson v. Garcia, 471 U.S. 261, 280 (1985); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). In California, there is a two-year statute of limitations for personal injury actions such as § 1983 cases. See Cal. Civ. Proc. Code § 335.1; Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004).

State tolling statutes also apply to § 1983 actions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1998). California Civil Procedure Code § 352.1(a) provides tolling of the statute of limitations for two years when the plaintiff is, at the time the cause of action accrued, an inmate serving less than a life sentence. See Cal. Code. Civ. P. 352.1(a). This tolling provision applies to all inmates except those sentenced to life without the possibility of parole. See Brooks v. Mercy Hospital, 204 Cal. Rptr.3d 289, 291-92 (Cal. App. 2016) (holding § 352.1(a) is applicable to prisoners serving a sentence of life with the possibility of parole, but the statutory language excludes those sentenced to life without the possibility of parole). Thus, unless an inmate is

4

1    serving a sentence of life without the possibility of parole, a four-year limitation period applies.

2            The applicable statute of limitations may also be equitably tolled while the inmate

3    exhausts administrative remedies. Brown v. Valoff, 42 F.3d 926, 943 (9th Cir. 2005). The burden

4    is on Plaintiff to establish that he is entitled to any such tolling. See Mattix v. Grill, 202 F.3d 278

5    (9th Cir. 1999) ("A plaintiff has the burden of proving that he is entitled to a tolling of the statute

6    of limitations."); Consiglio v. Brown, No. 1:16-cv-01268 AWI SAB PC, 2018 WL 3524600, at

7    *5 (E.D. Cal. July 20, 2018), report and recommendation adopted, No. 1:16-cv-01268 AWI SAB

8    PC, 2018 WL 4242039 (E.D. Cal. Sept. 6, 2018) (noting that while it is defendant's burden to

9    prove that plaintiff filed his claims after the expiration of the statute of limitations, it is plaintiff's

10   burden to show he is entitled to equitable tolling).

11           Notwithstanding the application of the forum's state law regarding the statute of

12   limitations, including statutory and equitable tolling, in the context of a § 1983 action, it is

13   "federal law" which "governs when a claim accrues." Fink v. Shedler, 192 F.3d 911, 914 (9th

14   Cir. 1999) (citing Elliott v. City of Union City, 25 F.3d 800, 801-02 (9th Cir.1994)). "A claim

15   accrues when the plaintiff knows, or should know, of the injury which is the basis of the cause of

16   action." Id. (citing Kimes v. Stone, 84 F.3d 1121, 1128 (9th Cir. 1996)); see also TwoRivers v.

17   Lewis, 174 F.3d 987, 991 (9th Cir. 1999).

18           For the reasons discussed below, the Court finds that Plaintiff's Eighth

19   Amendment claims are time-barred.  Defendants have not, however, met their burden of

20   establishing that Plaintiff's First Amendment claim is time-barred.

21       A.    **Eighth Amendment Claims**

22           Plaintiff makes clear that the incident giving rise to Claim I and Claim III occurred

23   on January 18, 2015. See ECF No. 1, pgs. 3, 5.  The Court takes judicial notice, as requested by

24   Defendants, that Plaintiff is serving a sentence less than life without the possibility of parole.  See

25   ECF No. 19-1, Exhibit A.  The Court will, therefore, apply a four-year limitation period to these

26   claims.  According to the facts alleged in the complaint, Claim I and Claim III accrued on January

27   18, 2015 – the date of the incident.  Plaintiff's complaint was due on or before January 18, 2019.

28   Because Plaintiff did not initiate this action until February 2021, Claim I and Claim III are time-

1   barred absent equitable tolling.

2          In his complaint, Plaintiff states that he was unable to exhaust administrative

3   remedies through the prison grievance system because guards kept throwing away his grievances,

4   thereby thwarting Plaintiff's ability to exhaust.  See ECF No. 1, pg. 5.  Assuming this allegation

5   to be true, Plaintiff would have been excused from the exhaustion requirement and could have

6   filed his lawsuit as soon as the process was thwarted by guards throwing away his paperwork.

7   Plaintiff does not, however, state in the complaint or in his opposition to Defendants' motion

8   when he learned that his grievances were being thrown away.  Thus, Plaintiff has not met his

9   burden of establishing that he is entitled to equitable tolling.

10          **B.**     **First Amendment Claim**

11          In Claim II, Plaintiff alleges interference with his mail in violation of the First

12   Amendment.  Other than saying that he was attempting to send letters detailing the incident of

13   January 18, 2015, Plaintiff does not say when his mail was improperly intercepted by prison staff.

14   Thus, the complaint does not on its face establish an accrual date for Plaintiff's First Amendment

15   claim.  Likewise, Defendants do not provide any evidence which the Court can judicially notice at

16   this stage of the proceedings which would establish an accrual date.  To this point, the Court notes

17   that Defendants' motion only discusses the statute of limitations in relation to the date of the

18   incident alleged in Plaintiff's Eighth Amendment claims, Claim I and Claim III.  The motion does

19   not specifically address the mail claim in Claim II.

20          The Court therefore finds that Defendants have not met their burden of

21   establishing that Plaintiff's First Amendment claim is time-barred.  Defendants may, at a later

22   stage of the proceedings, raise the issue in the context of a motion for summary judgment with

23   supporting evidence to establish an accrual date for Claim II.

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

6

1

### III.  CONCLUSION

2          Based on the foregoing, the undersigned recommends that:

3          1.          Defendants' request for judicial notice, ECF No. 19-1, be granted;

4          2.          Defendants' motion to dismiss, ECF No. 19, be granted in part and denied

5     in part; and

6          3.          Plaintiff's Eighth Amendment claims (Claim I and Claim III) be dismissed

7     with prejudice as time-barred.

8          These findings and recommendations are submitted to the United States District

9     Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

10    after being served with these findings and recommendations, any party may file written objections

11    with the Court.  Responses to objections shall be filed within 14 days after service of objections.

12    Failure to file objections within the specified time may waive the right to appeal.  <u>See</u> <u>Martinez v.</u>

13    <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

14

15    Dated:  February 8, 2023

16    _____
       DENNIS M. COTA
17     UNITED STATES MAGISTRATE JUDGE

18

19

20

21

22

23

24

25

26

27

28

7