IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AREVALO JESUS ALEJANDRO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HUIZARE, et al.,<br><br>　　　　　　Defendants. | No. 2:21-CV-0230-TLN-DMC-P<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　　　Plaintiff, who is proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Defendants' unopposed motion to dismiss, ECF No. 38.

　　　　　　In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

1

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Further, "the Supreme Court has instructed the federal courts to liberally construe the inartful pleading of pro se litigants. It is settled that the allegations of [a pro se litigant's complaint] however inartfully pleaded are held to less stringent standards than formal pleadings drafted by lawyers." See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987) (citation and internal quotation

marks omitted; brackets in original). The rule, however, "applies only to a plaintiff's factual allegations." See Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" See Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## I. BACKGROUND

### A. Plaintiff's Allegations

This action proceeds on the original complaint. Plaintiff names the following as defendants: Officer Huizare, Officer Sanchez, Officer Canela, and Registered Nurse (RN) Yanos ("Defendants"). The complaint lists three claims for which relief is sought.

Plaintiff's first claim alleges he is the victim of excessive force. See ECF No. 1, pg. 3. Plaintiff states that on January 18, 2015, the Defendant Officers came to Plaintiff's prison cell and told him to come to the food port so that he could be handcuffed. See id. Plaintiff alleges that he complied, but when he arrived at the food port the named officers opened the cell door and sprayed him in the face with mace. See id. Plaintiff states that the officers handcuffed him, dragged him to the showers to rinse off his face, and then tied him to a wheelchair. See id. Plaintiff reports that the officers then took him to RN Yanos who administered a shot to "doze [him] off." See id. Plaintiff states that he observed Officer Huizare speak to RN Yanos, before Officer Huizare whispered, "I told you I [would] get your ass," to Plaintiff. See id. Plaintiff then alleges that after the exchange, Yanos gave Plaintiff another shot despite his protests. See id. Plaintiff states that he became unconscious after the second shot. See id. When Plaintiff regained consciousness, he was naked, beaten, and sodomized. See id.

/ / /

/ / /

Plaintiff's second claim alleges a violation of his First Amendment right to send and receive mail. See id. at 4. Plaintiff states that he was unable to send letters to his sister. See id. Plaintiff claims that these letters were attempts to describe the horrendous details of January 18, 2015. See id. Plaintiff states that when he eventually had an opportunity to speak with his sister, she informed him that she had never received any letters. See id. Plaintiff alleges that his sister did not receive his mail because Defendants were reading his mail and discarding it rather than sending it. See id. at 3-5. Plaintiff does not specify when these events occurred. Plaintiff also alleges that Hugget K., who is not named as a Defendant, was given Plaintiff's documentation regarding a trust account and "never came back" to return it to Plaintiff. See id. at 7. Plaintiff states that he was unable to seek administrative remedies for the alleged conduct because the officers threw his mail away. See id. at 5.

Plaintiff's third claim alleges a violation of his Eighth Amendment right to adequate medical care. See ECF No. 1, pg. 5. Plaintiff, referring to the same incident he describes in Claim I, states that on January 18, 2015, he received two medical shots. See id. Plaintiff makes clear that these shots were given to him against his explicit protest and that the second was only given to him after Plaintiff observed Officer Huizare speak privately with RN Yanos. See id. Plaintiff alleges that Huizare then threatened him; afterwards Plaintiff lost consciousness due to the effects of the shots. See id. Plaintiff writes that Defendants beat and sodomized him before he regained consciousness. See id. at 3-5.

**B.     Procedural History**

Defendants previously filed a motion to dismiss arguing that Plaintiff's claims were time-barred by the statute of limitations. See ECF No. 19, pg. 2. On June 7, 2022, the Court interpreted Plaintiff's lack of opposition as consent to the relief requested and granted the motion to dismiss. See ECF No. 24, pgs. 1-2. On June 21, 2022, the Court received Plaintiff's opposition to the Court's Findings and Recommendations. See ECF No. 25, pg. 1. Plaintiff alleged that he failed to oppose the motion to dismiss because "he never received the mentioned motion to dismiss, [but], on a couple occasions Plaintiff did receive opened envelopes from this court with nothing in [them]." See id. The Court ordered that Plaintiff receive copies of

Defendants' motion and the Court's orders. See ECF No. 26. Plaintiff then filed an opposition to Defendants' motion to dismiss and argued that because "Plaintiff at all times [has] been a mental health patient" and because "the dire seriousness of the allegations" the motion to dismiss should be denied. See ECF No. 27, pg. 1. Defendants filed a reply and asserted that the motion should be granted because the "opposition lacks any discussion regarding the statute of limitations issue, which was the sole subject of Defendants' motion to dismiss." See ECF No. 29, pg. 1. On January 25, 2023, the Court vacated the Findings and Recommendations which previously granted Defendants' motion to dismiss. See ECF No. 32.

On February 8, 2023, the Court granted Defendant's motion to dismiss with respect to Plaintiff's Eighth Amendment claims but denied the motion to dismiss with respect to the claimed First Amendment violation. See ECF No. 32, pg. 7. The Court determined that the approximately six years that passed between the alleged Eighth Amendment violations and the filing of the complaint exceeded the statute of limitations and will not repeat that analysis here. See ECF No. 32, pgs. 5-6. The Court noted that "Plaintiff [did] not say when his mail was improperly intercepted," and thus "the complaint [did] not on its face establish an accrual date for Plaintiff's First Amendment claim. See id. at 6. Similarly, "Defendants [did] not provide any evidence which the Court can judicially notice at this stage of the proceedings which would establish an accrual date." See id. Thus, the Court recommended that Defendants' motion to dismiss be denied in part because Defendants failed to establish that Plaintiff's First Amendment claim was time-barred. See id. In their objections to the findings and recommendations, Defendants argued that they did not brief the issue of timeliness of Plaintiff's First Amendment claim because they did not think such a claim had survived screening. See ECF No. 33. In adopting the findings and recommendations, the District Judge permitted Defendants an opportunity to file a second motion to dismiss addressing the First Amendment Claim. See ECF No. 36. The currently pending second motion to dismiss followed.

///

///

///

5

## II. DISCUSSION

In their second motion to dismiss, Defendants argue that Plaintiff's First Amendment claim must be dismissed because Plaintiff failed to allege sufficient facts to state a claim. See ECF No. 38, pgs. 3-4. Plaintiff alleges that Defendants interfered with his mail in violation of the First Amendment. See ECF No. 1, pg. 4. Defendants argue that "the First Amendment claim does not identify any defendants, what conduct each of the defendants did that violated his rights, or when the alleged violation occurred" and thus that the claim must be dismissed. See ECF No. 38, pg. 4. The Court agrees.

Prisoners have a First Amendment right to send and receive mail. See Witherow v. Paff, 52 F.3d 264, 265 (9th Cir. 1995) (per curiam). Prison officials may intercept and censor outgoing mail concerning escape plans, proposed criminal activity, or encoded messages. See Procunier v. Martinez, 416 U.S. 396, 413 (1974); see also Witherow, 52 F.3d at 266. Based on security concerns, officials may also prohibit correspondence between inmates. See Turner v. Safley, 482 U.S. 78, 93 (1987). However, "prison officials are not entitled to read all of an inmate's outgoing mail out of idle curiosity or animus without intruding on an inmate's First Amendment rights." See Grenning v. Klemme, 34 F. Supp. 3d 1144, 1158 (E.D. Wash. 2014). When officials read and regulate a prisoner's outgoing mail as opposed to incoming mail, there must be a 'closer fit between the regulation and the purpose it serves.' See Witherow, 52 F.3d at 265 (quoting Thornburgh v. Abbott, 490 U.S. 401, 408 (1989)).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth

1  specific facts as to each individual defendant's causal role in the alleged constitutional
2  deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

3  Here, Plaintiff does not specifically allege any actions of the named defendants to connect them to the alleged First Amendment violation. See ECF No. 1, pg. 4. Plaintiff specifically alleges that an unknown actor, Hugget K., "never came back" with documentation regarding a trust account, but it is unclear if this is related to Plaintiff's claim regarding interference with his mail. See id. at 7. Additionally, Hugget K. is not named as a defendant in this action. Thus, this specific allegation does not create a causal connection between a named defendant and the alleged constitutional violation.

10  Plaintiff has failed to allege any specific facts as to each named defendant's causal role in the interference with his mail. While Plaintiff may assert a valid constitutional violation based on his contention that "they were read[ing] and [throwing] my letters away" and there is no clear penological purpose for this behavior, Plaintiff does not clearly indicate who committed this violation. See id. at 4. Plaintiff names four defendants in his complaint but does not provide any details regarding the actions that a specific defendant took in violation of Plaintiff's First Amendment right. Instead, Plaintiff merely recites the elements of a cause of action and ambiguously claims "they" did not send his mail. See id. at 4. It is unclear if "they" refers to each named Defendant, just the Defendant Officers, just the Defendant RN, officers that were not named in the complaint, Hugget K., or some combination of the above. Because Plaintiff failed to allege specific facts concerning each defendant's conduct, Plaintiff failed to state a claim and Defendant's motion to dismiss should be granted. Plaintiff should be provided an opportunity to amend to allege how the named defendants violated his rights under the First Amendment.

///
///
///
///
///
///

### III.  CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' unopposed motion to dismiss, ECF No. 38, be GRANTED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  July 14, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE